UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA GORDON-ORRENDER, *et al.,* | : | Case No. 3:13-cv-100 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ZIMMER, INC., *et al.,* | : | |
| | : | |
| Defendants. | : | |

**ORDER AND ENTRY GRANTING PLAINTIFFS' MOTION FOR DISMISSAL
OF ALL CLAIMS WITHOUT PREJUDICE (Doc. 10)**

This civil case is before the Court on Plaintiffs' Motion for Dismissal of All

Claims Without Prejudice.  (Doc. 10).  Plaintiffs seek to voluntarily dismiss their claims

pursuant to Fed. R. Civ. P. 41(a)(2).  Defendants filed an Opposition to Plaintiffs'

Motion.  (Doc. 11).  Plaintiffs filed a Reply memorandum.  (Doc. 12).  Plaintiffs' Motion

is now ripe for decision by the Court.

## I.  BACKGROUND

Plaintiffs originally filed suit against Defendants on February 25, 2013, in the

Common Pleas Court of Montgomery County, Ohio.  (Doc. 3).  Plaintiffs' claims arise

from a total knee replacement procedure Plaintiff Jeffrey Orrender underwent in May

2009.  (*Id.*)  The procedure allegedly involved implanting Defendants' product in Jeffrey

Orrender's knee.  (*Id.*)  Plaintiffs assert product liability claims alleging that Defendants'

knee implant product was defective.  (*Id.*)

On April 3, 2013, Defendants removed the case on the basis of diversity jurisdiction.  (Doc. 1).  Defendants filed an Answer to the original Complaint in this Court on April 8, 2013.  (Doc. 5).  Plaintiffs thereafter filed an Amended Complaint asserting additional causes of action, including breach of warranty claims.  (Doc. 6).  Subsequently, Defendants filed an Answer to Plaintiffs' Amended Complaint.  (Doc. 9).

The Court originally set this case for a preliminary pretrial conference to occur on May 8, 2013.  In setting that conference, the Court ordered the parties to confer as required by Fed. R. Civ. P. 26(f) and to file a Rule 26(f) report seven days before the conference.  On the day the Rule 26(f) report was due, the parties jointly moved to continue the preliminary pretrial conference on the grounds that this case would likely be included as part of a multidistrict litigation ("MDL") case presently pending in the United States District Court for the Northern District of Illinois.  (Doc. 7).  The parties represented that additional time was necessary to explore whether the case should be included as part of the MDL case.  (*Id*.)  The Court granted the parties' joint motion and continued the pretrial conference until June 10, 2013.  The Court subsequently continued the June 10 conference upon the parties' joint motion (Doc. 9), again, to allow additional time to determine whether the case should be included as part of the MDL case.

The Court last set a preliminary pretrial conference to occur on July 30, 2013.  In the order setting the July 30 conference, the Court ordered that the parties confer as required by Rule 26(f) and file a Rule 26(f) report on or before July 23, 2013.  The parties

did not file a Rule 26(f) report on or before July 23, 2013, and instead, on July 24, 2013,

Plaintiff moved to dismiss their claims without prejudice, a request Defendants oppose.

## II.  ANALYSIS

Federal Rule 41(a)(2) provides that, absent a stipulation by all parties that have

appeared in the case, a plaintiff may dismiss a complaint after the filing of an answer

"only by court order, on terms that the court considers proper."  Court approval in this

situation is required in an effort "to protect the nonmovant from unfair treatment."

*Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Ikospentakis*

*v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990).  District courts possess

discretion in determining "[w]hether dismissal should be granted under the authority of

Rule 41(a)(2)[.]"  *Id.* (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753,

757 (6th Cir. 1974)).

District courts granting a request to dismiss without prejudice generally abuse the

discretion afforded by Rule 41(a)(2) "only where the defendant would suffer 'plain legal

prejudice' as a result . . ., as opposed to facing the mere prospect of a second lawsuit."

*Id*. (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212 (1947); *Kovalic v.*

*DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988).  As noted by the Sixth Circuit:

> In determining whether a defendant will suffer plain legal prejudice,
> a court should consider such factors as the defendant's effort and
> expense of preparation for trial, excessive delay and lack of
> diligence on the part of the plaintiff in prosecuting the action,
> insufficient explanation for the need to take a dismissal, and whether
> a motion for summary judgment has been filed by the defendant.

3

*Id.* (citations omitted).  Here, with regard to these *Grover* factors, Defendants focus on their litigation expenses and effort, as well as Plaintiffs' lack of explanation for the requested dismissal.

The aforementioned factors, however, "are not an exclusive or mandatory list[,]" and district courts "need not analyze each factor or limit their consideration to these factors."  *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 502 (6th Cir. 2007) (citations omitted).  As noted by one court, "[t]ypical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense."  *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) (citations omitted).

With regard to Defendants' effort and expense, Defendants point to having "spent nearly two years and millions of dollars defending this and similar lawsuits in the MDL." (Doc. 11, PAGEID 92).  While the Court does not doubt Defendants' considerable expense defending similar lawsuits in the MDL, the Court declines to consider the time and money expended defending other claims.  *See Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, *4 (S.D. Ohio Feb. 10, 2012) (finding defendant's "claim that this Court should consider the time it spent litigating similar claims in different courts is not relevant to the question of whether dismissal is appropriate here").  Even if the Court were to significantly consider Defendants' time and expense in defending

4

against other claims, dismissal of this case without prejudice does not render that time spent and expense wasted.[1]  As noted by Defendants, the MDL case remains ongoing.

In focusing solely on the defense of Plaintiffs' claims, nothing in the record supports a conclusion that the time spent and expense incurred by Defendant is substantial.  The Court specifically continued the preliminary pretrial conference in this case twice at the parties' joint request and vacated the conference a final time upon Plaintiffs' filing of the Motion to Dismiss and the parties' failure to file a Rule 26(f) report as ordered by the Court.  The absence of such a report on the docket indicates that no Rule 26(f) conference has occurred between the parties, and, accordingly, the formal discovery phase has not commenced.  S*ee* Fed. R. Civ. P. 26(d) (stating that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by stipulation, or by court order").  Based on the foregoing, the Court concludes that the minimal effort spent and expense incurred by Defendants defending against Plaintiffs' specific claims in this case weighs heavily in favor of allowing a dismissal without prejudice.

With regard to the remaining *Grover* factors, the Court notes that Plaintiffs present no explanation for the need to dismiss their claims and the insufficiency of such explanation is one factor the Court should consider.  However, Plaintiffs' lack of

---

[1] For this reason, the Court finds Defendants' reference to *In re FEMA Trailer*, 628 F.3d at 162-63 unconvincing as applied to the circumstances presented in this case.  Unlike the circumstances in *In re FEMA Trailer*, there is no evidence that Defendants "investment in trial preparation for [Plaintiffs'] case" will be "wasted" and there is no showing that any plaintiff in the MDL is "disadvantaged" by a dismissal of Plaintiffs' claims without prejudice.

explanation, in and of itself, does not support a conclusion that Defendants will suffer

plain legal prejudice.  Finally, the Court notes that there is no pending motion for

summary judgment and nothing in the record evidences an excessive delay on the part of

Plaintiffs or a lack of diligence on Plaintiffs' part to litigate this dispute.

Accordingly, the Court **GRANTS** Plaintiffs' Motion (Doc. 10) and **DISMISSES**

Plaintiffs' claims **WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2).  The

Clerk shall terminate this case on the Court's docket.

**IT IS SO ORDERED.**


Date:  9/24/13                              */s/ Timothy S. Black*
                                           Timothy S. Black
                                           United States District Judge